Ronald A. Van Wert, WSBA #32050
Megan C. Clark, WSBA #46505
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: rvw@ettermcmahon.com
Email: mclark@ettermcmahon.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARILEE CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>GRANT TRANSIT AUTHORITY, JOBETH CARLSON, JOHN/JANE DOES I-V, individually<br><br>Defendants. | No.  2:26-CV-00221-RLP<br><br>DEFENDANT GRANT TRANSIT AUTHORITY AND JOBETH CARLSON'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT<br><br>JURY TRIAL DEMANDED |

Pursuant to Fed. R. Civ. P. 12, Defendants Grant Transit Authority and JoBeth Carlson (collectively "GTA Defendants"), by and through their attorneys of record, Ronald A. Van Wert and Megan C. Clark of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., hereby answer Plaintiff's Complaint and files their affirmative defenses thereto.

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 1

## I.   NATURE OF ACTION

1.1   Paragraph 1.1 of Plaintiff's Complaint is an argumentative summary of claims that does not require a response. To the extent a response is warranted, GTA Defendants deny any and all assertions contained therein or that could be inferred therefrom.

## II.   JURISDICTION AND VENUE

2.1   GTA Defendants deny that Plaintiff has any valid claims that fall within the jurisdiction of this Court. Without waiving the right to challenge this Court's jurisdiction, GTA Defendants, nevertheless, admit that this Court has jurisdiction to preside over the claims as asserted in Plaintiff's Complaint.

2.2   GTA Defendants admit that venue is proper in the Eastern District based on the claims alleged.

## III.   PARTIES

3.1   GTA Defendants admit that Plaintiff is a citizen of the State of Washington.

3.2   Admit that Grant Transit Authority ("GTA") is a public transportation benefit area located in the State of Washington.

3.3   Admit that JoBeth Carlson is a resident of the State of Washington and, at all times relevant to Plaintiff's Complaint, was GTA's Operations

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Manager.

3.4     Paragraph 3.4 of Plaintiff's Complaint references potential, unidentified defendants to which no response is necessary and for which GTA Defendants are without sufficient information to respond. To the extent a response is necessary, GTA Defendants submit that there are no valid defendants to Plaintiff's Complaint because the claims lack merit and, therefore, GTA Defendants deny the assertions in Paragraph 3.4 of Plaintiff's Complaint.

## IV.     FACTS

4.1     Admit that on March 4, 2024, Plaintiff was hired by GTA as a Coach Operator, and on November 18, 2024, Plaintiff was promoted by GTA to a Dispatch Support position.

4.2     Admit that a component of Plaintiff's position in Dispatch Support included supporting transit drivers and serving as the face of GTA to the public while working at the front desk of the Multimodal Transit Center in Moses Lake, WA.

4.3     Admit that, on September 10, 2025, Charlie Kirk was murdered. Admit that GTA lowered its flags pursuant to federal and state proclamations in memory of Charlie Kirk and victims of political violence, as well as to honor Patriot's Day (September 11).

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

4.4    Plaintiff's posts on her Facebook account speak for themselves. GTA Defendants admit that Plaintiff posted comments relating to Charlie Kirk's death on her personal Facebook account, including the one quoted in Paragraph 4.4 of her Complaint.

4.5    Plaintiff's posts and comments on her Facebook account speak for themselves. GTA Defendants admit that Plaintiff posted on her personal Facebook account a comment relating to GTA lowering its flags to half-mast after Charlie Kirk's death.

4.6    Admit that Plaintiff was not directly asked to lower GTA's flags immediately following Charlie Kirk's death. Admit that Plaintiff made comments to a co-worker stating that Plaintiff would not lower GTA's flags if asked and proceeded to make, in the workplace and during working hours, derogatory comments towards Charlie Kirk. GTA Defendants deny any alleged facts inconsistent with the foregoing and any inferences arising from such alleged facts.

4.7    Deny.

4.8    Deny.

4.9    Admit that on or about September 12, 2025, an external customer and member of the public sent an email to GTA's Human Resources Manager and Operations Manager with a request that it be forwarded to GTA's

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

General Manager in which the customer complained about Plaintiff's comments relating to Charlie Kirk, including her Facebook posts.

4.10    The customer and member's complaint speaks for itself. GTA Defendants deny any inferences arising from the allegations in Paragraph 4.10 as it only provides a select, fractional portion of the customer's complaint.

4.11    Admit.

4.12    Admit that GTA's investigation identified derogatory comments regarding Charlie Kirk from Plaintiff to a co-worker in Dispatch Support in the workplace during work hours.

4.13    GTA Defendants admit that it is not currently aware of a member of the public hearing Plaintiff's workplace comments regarding Charlie Kirk. GTA Defendants admit none of Plaintiff's co-workers filed a complaint against Plaintiff.

4.14    The allegations of Paragraph 4.14 in Plaintiff's Complaint are nonspecific, vague, and ambiguous. Therefore, GTA Defendants deny the same.

4.15    The allegations of Paragraph 4.15 in Plaintiff's Complaint are nonspecific, vague, and ambiguous. Therefore, GTA Defendants deny the same.

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 5

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

4.16    Admit that Plaintiff was terminated by GTA on September 25, 2025, for violating GTA policies.  GTA Defendants deny any alleged facts inconsistent with the foregoing and any inferences arising from such alleged facts.

### V.    CAUSE OF ACTION
### 42 U.S.C. § 1983: First Amendment Violation

5.1    GTA Defendants reassert their responses and objections to Paragraphs 4.1 to 4.16.

5.2    Paragraph 5.2 asserts a legal conclusion to which no response is required.  To the extent a response is deemed warranted, GTA Defendants deny any liability.

5.3    Paragraph 5.3 asserts a legal conclusion to which no response is required.  To the extent a response is deemed warranted, GTA Defendants deny Plaintiff's allegations and any inferences of liability arising therefrom.

5.4    Paragraph 5.4 asserts a legal conclusion to which no response is required.  To the extent a response is deemed warranted, GTA Defendants deny Plaintiff's allegations and any inferences of liability arising therefrom.

5.5    Paragraph 5.5 asserts a legal conclusion to which no response is

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 6

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

required.  GTA Defendants deny Plaintiff's allegations and any inferences of liability arising therefrom.

5.6    Paragraph 5.6 asserts a legal conclusion to which no response is required.  GTA Defendants deny Plaintiff's allegations and any inferences of liability arising therefrom.

5.7    The allegations of Paragraph 5.7 in Plaintiff's Complaint are argumentative, vague, and ambiguous.  Therefore, GTA Defendants deny the same and any inferences of liability arising therefrom.

5.8    Deny.

5.9    Deny.

5.10    Deny.

5.11    Deny.

5.12    Deny GTA Defendants disregarded Plaintiff's constitutional rights in any manner.

5.13    Deny.

5.14    Deny.

5.15    Deny.

## VI.    REQUEST FOR RELIEF

In response to Plaintiff's Request for Relief and each of its subparts, GTA Defendants deny any wrongdoing, deny that Plaintiff has the right to judgment

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

in her favor, deny Plaintiff's alleged damages, and deny that Plaintiff has the right to any sought relief.

## **AFFIRMATIVE DEFENSES**

By way of further answer to Plaintiff's Complaint and as affirmative defenses thereto, GTA Defendants allege as follows:

1. Plaintiff's Complaint is factually inaccurate and is based on erroneous assumptions and assertions; therefore, the Complaint fails to state a claim upon which relief can be granted under federal law. Fed. R. Civ. P. 12(b)(6).

2. GTA Defendants' actions or conduct, in their individual and/or official capacity, were reasonable and in good faith under the circumstances of the events at issue. Plaintiff cannot establish the requisite culpable intent of committing a violation of any of Plaintiff's clearly established constitutional rights to prove her claim against GTA Defendants. Any individually named defendant who is employed by GTA, including JoBeth Carlson, is entitled to qualified immunity.

3. If Plaintiff suffered any damage or loss as alleged in Plaintiff's Complaint, the same was not due to any act or omission by or on the part of GTA Defendants, but was due to Plaintiff's own actions, *i.e.*,

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 8

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

unclean hands, and Plaintiff's failure to mitigate such damage or loss.

4.     Plaintiff's termination was based on legitimate business purposes.

5.     The action Plaintiff challenges was based upon reasonable factors other than posting a political message.

6.     All acts, rules, policies, and/or practices of GTA were reasonable and in compliance with the law.

GTA Defendants reserve the right to amend this Answer, to add additional affirmative defenses, and to strike affirmative defenses based on further discovery and investigation of this matter.

WHEREFORE, having fully answered Plaintiff's Complaint herein, GTA Defendants pray for relief as follows:

1.     An order dismissing Plaintiff's Complaint with prejudice;

2.     An order awarding GTA Defendants their costs and reasonable attorneys' fees as allowed by law; and

3.     For other such relief as the Court deems just and equitable.

DATED this 11th day of June 2026.

By:   /s/ Ronald A. Van Wert
        Ronald A. Van Wert, WSBA #32050
        Megan C. Clark, WSBA # 46505
        *Attorneys for Defendant*
        rvw@ettermcmahon.com
        mclark@ettermcmahon.com

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Dated this 11th day of June 2026.

/s/Ronald A. Van Wert
Ronald A. Van Wert

GTA DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES
TO COMPLAINT
Page 10

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100